74,799-07

August 14, 2015

Clerk
P.O.Box 12308, Capitol Station
Austin, Texas 78711

Re: Wr-74,799-07

Dear Clerk:

Enclosed you will find a true copy of applicant's Supplemental Reply. Please

attach the enclosed document to the applicant's original reply, in which you

should have recieved on August 6, 2015, and present both replies to the Court

as one whole reply.

Thanking you in advance for your helpful assistance.

God Bless.

Sincerely,

Billy Ray Richardson
TDCJ-ID#1129102
James Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

encl:

cc:file

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 24 2015

Abel Acosta, Clerk

| | | |
|---|---|---|
| Billy Ray Richardson | § | In The Texas Court of |
| v. | § | Criminal Appeals |
| The State of Texas | § | |
| | § | |
| | § | |

## Applicant's Supplemental Reply

To the Honorable Court:

This is the applicant's supplemental reply in which he wishes to state facts in addition to his original reply filed in the Court. Applicant is, by no means changing the facts stated in his original reply nor is applicant restating the facts. Applicant is merely, and respectfully so, seeking to add onto his original reply to the trial court's response facts that he mistankingly left out of his original reply.

## Applicant's Reply

The State, in its response to applicant's Application for a Writ of Habeas Corpus, never denied the prosecution's misconduct in which, the applicant has demonstrated, and the record indicates, that the prosecutor was aware of the false nature of applicant's statement to police and secreted the perjurous nature of the statement from the court so that a false allegation in the statement could be utilized as evidence of guilt where, such false allegation alleged an element of the charged offense that the State was required to prove beyond a reasonable doubt. Neither did the State deny that the part of the statement used as evidence of guilt was also false facts for which, the record indicates

that the prosecutor, at the punishment phase of trial, established to the court that such allegation in the statement, as to the alleged sexual intercourse being "voluntary", was false only after the jury had already convicted the applicant. In addition, the State contends that there were no constitutional violations rendered by the prosecutor in regards to the applicant's known false statement, as though suggesting that the prosecutor's conduct was in the lines of the law and was in no way a violation of laws governed by the U.S. Constitution regarding introduction of false evidence against the applicant utilized to manipulate jurors into believing that such known false facts were true facts and were sufficient to find that the applicant had truthfully admitted guilt to committing the alleged offense. The State also failed to cite any provisions that would allow the prosecutor to introduce applicant's known false statement as a true confession of guilt. The State has not and cannot state such a provision because there are'nt any. The prosecutor's misconduct was clearly a violation of the applicant's constitutional rights to a "fair and just trial by an impartial, jury" and due process of law. U.S.C.A.Const.Amends.5,6,14. Therefore, because the State does not deny the misconduct of the prosecution, both demonstrated and alleged by applicant in his writ application and in his reply herein, then the Court should find applicant's claims of constitutional violations true in which, such claims are also supported by the record. In addition, where the State has also failed to state any provisions that would absolve the prosecutor of guilt of violating applicant's guaranteed constitutional rights and, where applicant has cited provisions established by laws governed by the U.S. Constitution that would bar the prosecutor from introducing applicant's known false statement as a true confession of guilt, the Court should also find that constitutional errors were committed by the prosecutor when she failed to correct applicant's known false statement and secreted the perjurous natue of

2

the statement in order to utilize false facts to convict the applicant.

Respectfully Submitted

Billy Ray Richardson
TDCJ-ID#1129102
James Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

encl:

cc: file

3